OPINION
{¶ 1} Defendant-appellant Andre Player appeals from his conviction and sentence for Improper Handling of Firearms in a Motor Vehicle and No Operator's License. He contends that the State did not present sufficient evidence to support the conviction and that the conviction is against the manifest weight of the evidence.
 {¶ 2} We conclude that there is sufficient evidence in the record to support a finding for the State on each essential element of the charged offenses, and that the conviction is supported by the weight of the evidence. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} On October 13, 2002, Dayton Police Officer Amber Baca was on patrol when she was alerted that a woman had been threatened at a drive-through by a man brandishing a firearm from a vehicle. Subsequently, Baca observed a vehicle matching the description and license plate number provided by the victim. As Baca observed the vehicle, she noticed it make a right-hand turn from a lane marked "no turn on red." Baca initiated a traffic stop.
 {¶ 4} When the vehicle was stopped, the passenger fled on foot. Baca then approached the driver, later identified as Andre Player. Baca asked Player whether he had a driver's license, to which he responded, "no." Player was placed in Baca's cruiser and arrested. An inventory search was conducted on the vehicle. During the search, officers pried open the glove compartment, wherein they found a pistol. Upon further inspection, the officers found one bullet in the gun's chamber. It was later discovered that the passenger, who was apprehended, had the key to the glove compartment in his possession. Player was advised of his rights and then stated that he "took responsibility" for having the gun in the car, but that it was his passenger who had waved the gun at the woman in the drive-through.
 {¶ 5} Player was charged with Improper Handling of Firearms in a Motor Vehicle in violation of R.C. 2923.16(B), No Operator's License in violation of R.C. 4507.02(A)(1), Driving under a Non-Compliance Suspension in violation of R.C. 4507.02(B), Driving Under an FRA Suspension in violation of R.C. 4507.02(D), a traffic control violation under the City of Dayton General Ordinance 70.13(B)(3)(A), and a seat belt violation in violation of R.C. 4513.263(B)(1). Following a trial, Player was convicted of No Operator's License and Improper Handling of Firearms in a Motor Vehicle. He was sentenced accordingly. Player's appeal from his conviction and sentence for Improper Handling of Firearms in a Motor Vehicle is Case No. 19623; his appeal from his conviction and sentence for No Operator's License is Case No. 19622. Because he has made the same arguments in both appeals, we have considered the appeals together, and dispose of them in this single opinion.
 II {¶ 6} Player's First and Second Assignments of Error state as follows:
 {¶ 7} "The Trial Court Erred By Overruling Mr. Player's Rule 29 Motion At The Close Of The State's Case Since There Was Insufficient Evidence To Support The No Driving [SIC] License And The Illegal Transportation Of A Loaded Firearm In A Motor Vehicle."
 {¶ 8} "The Trial Court Erred By Not Granting Mr. Player's Motion For Acquittal Since It Was Against The Manifest Weight Of The Evidence That He Was Driving Without A Valid Driver's License As Well As Illegally Transporting A Firearm In A Motor Vehicle."
 {¶ 9} Player contends that the State did not present sufficient evidence to support his conviction, and that the conviction is against the manifest weight of the evidence. Specifically he argues that, while he knew the gun was in the glove compartment of the vehicle, the State failed to present any evidence to demonstrate that he knew the gun was loaded. He also argues that the State failed to present any evidence regarding the status of his operator's license.
 {¶ 10} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 11} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 12} In reviewing a judgment to determine whether it is against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 13} R.C. 2923.16 governs the offense of Improperly Handling Firearms In a Motor Vehicle. That statute provides, in pertinent part, as follows:
 {¶ 14} "(B) No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."
 {¶ 15} Player argues that a plain reading of the statute requires the State to prove that he knew the gun was loaded. The State conversely argues that the statute merely requires that Player know he is transporting a gun, not that the gun is loaded.
 {¶ 16} We agree with Player that a strict construction of the statute against the State requires proof that the defendant knows he is transporting a loaded firearm — that is, not only that the defendant knows he is transporting a firearm, but also that the firearm he is transporting is loaded.
 {¶ 17} In this case, the unrebutted evidence demonstrates that Player had knowledge that a firearm was in the motor vehicle. The evidence further shows that the firearm was accessible to him without leaving the car. Additionally, the evidence establishes that Player witnessed the passenger in his car brandish the gun in a threat to the victim at the drive through. Finally, Player stated that he accepted responsibility for the gun, but not for Wright's actions with the gun.
 {¶ 18} We conclude that based upon this evidence, a reasonable jury could find that the State produced evidence sufficient to establish every element of this offense beyond a reasonable doubt. Given that Player witnessed the use of the gun as a means of threatening an individual, and that he stated that he accepted responsibility for the gun, a juror could reasonably infer that he knew that the gun was loaded. Moreover, we cannot say that the fact finder lost its way in convicting Player on this charge.
 {¶ 19} We turn next to the conviction for No Operator's License. Pursuant to R.C. 4507.02(A)(1), "[n]o person, * * *, shall operate any motor vehicle upon a highway or any public or private property used by the public for purposes of vehicular travel or parking in this state unless the person has a valid driver's license issued under this chapter * * *"
 {¶ 20} In this case, there is unrefuted evidence that Player was the operator of the motor vehicle stopped by Baca. Furthermore, the unrebutted evidence indicates that when Baca asked whether Player had an operator's license, Player simply replied, "no." He never indicated that he had one, but just not with him, or that he had misplaced it.
 {¶ 21} In Dayton v. McLaughlin (June 1, 1992), Montgomery App. No 12819, we held that "* * * the failure to produce a license on request created a prima facie inference that appellant had none, requiring that the [Civ.R. 29 motion for acquittal] be denied. Failure at trial to rebut the inference justified the finding beyond a reasonable doubt that he had none." Additionally, in Columbus v. Harris (Nov. 26, 1976) Franklin App. No. 76AP-750, the Franklin County Court of Appeals held that the failure of a defendant to produce an operator's license upon a police officer's request, when coupled with the defendant's statement that he did not have a license, is sufficient to prove the charge of No Operator's license.
 {¶ 22} We conclude that the State produced sufficient evidence to establish the elements of the offense, and that reasonable minds could find Player guilty of No Operator's License.
 {¶ 23} The First and Second Assignments of Error are overruled.
 III {¶ 24} Both of Player's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and YOUNG, JJ., concur.